# EXHIBIT “A”

**LAW OFFICES OF CRAIG A. ALTMAN, P.C.**
BY: CORY A. TROBMAN, ESQUIRE
I.D. NO.: 316598
19 SOUTH 21ST STREET
PHILADELPHIA, PA 19103
215-569-4488

**MAJOR JURY**

Filed and Attested by the
Office of Judicial Records
09 JAN 2026 04:41 pm
I. LOWELL

Attorney for plaintiff

| | |
|---|---|
| **STEPHANIE NORMAN**<br>8436 FAYETTE STREET<br>PHILADELPHIA, PA 19150<br><br>v.<br><br>**WALMART**<br>1000 EASTON ROAD<br>WYNCOTE, PA 19095<br>&<br>**WALMART, INC.**<br>702 SW 8TH STREET<br>BENTONVILLE, AR 72716<br>&<br>**CEDARBROOK PLAZA, INC.**<br>370 7TH AVENUE<br>SUITE 1600<br>NEW YORK, NY 10001<br>&<br>**JOHN DOE #1-10 (a fictitious name designating the owner, operator, maintainor, possessor, lessor, lessee, entity and/or individual legally responsible for the care, control, safety and/or maintenance of the premises)** | COURT OF COMMON PLEAS<br>COUNTY OF PHILADELPHIA<br>CIVIL TRIAL DIVISION |

**COMPLAINT IN PERSONAL INJURY**
**<u>2S PREMISES LIABILITY</u>**

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
TTY: (215) 451-6197

## COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

1. Plaintiff, Stephanie Norman, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Walmart, is a business entity with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the premises located at or near 1000 Easton Road, in the City of Wyncote and County of Montgomery, in the Commonwealth of Pennsylvania (hereinafter referred to as "Premises").

3. At all times material hereto defendant, Walmart, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the Premises.

4. Defendant, Walmart, Inc., is a business entity with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the Premises.

5. At all times material hereto defendant, Walmart, Inc., was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the Premises.

6. Defendant, Cedarbrook Plaza, Inc., is a business entity with a business address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the Premises.

7. At all times material hereto defendant, Cedarbrook Plaza, Inc., was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the Premises.

8. Defendant, John Doe #1-10, is an individual defendant whose actual name is unknown to Plaintiff after having conducted a reasonable search with due dilligence; the John Doe designation is averred to be fictitious.

9. At all times material hereto defendant, John Doe #1-10, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care, control and/or safety of the Premises.

10. On or about March 21, 2024, plaintiff, Stephanie Norman, was an invitee, licensee and/or otherwise legally on defendant's premises, when the negligence, recklessness

and/or carelessness of the defendants caused the plaintiff to slip and/or trip and fall due to defects on the Premises.

11. As a result of this accident, the plaintiff suffered severe and permanent bodily injury as more fully set forth at length below.

**COUNT I**
**Stephanie Norman v. Walmart**
**Personal Injury**

12. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

13. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, floors,hallways, pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, floors, hallways, pathways, aisles and/or walkways;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to remove items and/or liquids from the, floors, hallways, pathways, aisles and/or walkways; and,

k. In other respects that may be pointed out at the time of trial.

14. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of

pre-existing conditions, including, but not limited to: hip fracture, closed displaced transcervical left FNF, and any other ills, injuries, all to plaintiff's great loss and detriment.

15. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

16. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

17. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

18. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT II**
**Stephanie Norman v. Walmart Inc.**
**Personal Injury**

19. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

20. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, floors,hallways, pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, floors, hallways, pathways, aisles and/or walkways;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to remove items and/or liquids from the, floors, hallways, pathways, aisles and/or walkways; and,

k. In other respects that may be pointed out at the time of trial.

21. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: hip fracture, closed displaced transcervical left FNF, and any other ills, injuries, all to plaintiff's great loss and detriment.

22. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

23. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

24. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

25. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT III**
**Stephanie Norman v. Cedarbrook Plaza, Inc.**
**Personal Injury**

26. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

27. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, floors,hallways, pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, floors, hallways, pathways, aisles and/or walkways;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to remove items and/or liquids from the, floors, hallways, pathways, aisles and/or walkways; and,

k. In other respects that may be pointed out at the time of trial.

28. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: hip fracture, closed displaced transcervical left FNF, and any other ills, injuries, all to plaintiff's great loss and detriment.

29. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

30. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

31. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

32. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT IV**
**Stehpanie Norman v. John Doe #1-10**
**Personal Injury**

33. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

34. The negligence, carelessness and/or recklessness of defendant consisted of the following:

a. Failure to design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the premises, floors,hallways, pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, floors, hallways, pathways, aisles and/or walkways;

f. Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects;

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to remove items and/or liquids from the, floors, hallways, pathways, aisles and/or walkways; and,

k. In other respects that may be pointed out at the time of trial.

35. As a direct result of the negligent, careless and/or reckless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: hip fracture, closed displaced transcervical left FNF, and any other ills, injuries, all to plaintiff's great loss and detriment.

36. As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

37. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries along with the physical injuries suffered.

38. As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

39. Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**LAW OFFICES OF CRAIG A. ALTMAN, P.C.**

**CORY A. TROBMAN, ESQUIRE**

## VERIFICATION

I am the PLAINTIFF in this action and verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief and I understand that the statement made therein are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities

DATE: 1/9/26

(X) Stephan Yerman